# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CASE NO:

**KENNETH SHAVE,**

      **PLAINTIFF,**

vs.

**SILVIO CARLOS AND SOUTHERN-OWNERS INSURANCE COMPANY,**

      **DEFENDANT.**

_____/

**COMPLAINT**

Plaintiff, **KENNETH SHAVE**, sues Defendants, **SILVIO CARLOS AND SOUTHERN-OWNERS INSURANCE COMPANY** and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($50,001.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const. At all times material to this action,

2. At all times material to this action, Plaintiff, **KENNETH SHAVE**, was and is a natural person residing in Lee County, Florida.

3. At all times material to this action, Defendant, **SILVIO CARLOS** is a natural person residing in Lee County, Florida.

4. At all times material to this action, Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, was a foreign corporation licensed to do business in the State of Florida.

5. On or about November 14, 2021, Plaintiff, **KENNETH SHAVE**, was a driver in a motor vehicle traveling west on Bayshore Road approaching the intersection of Hart Road in Lee County, Florida.

6. On or about November 14, 2021, Defendant, **SILVIO CARLOS** , was operating a motor vehicle traveling west on Bayshore Road approaching the intersection of Hart Road in Lee County, Florida.

## COUNT I

### CLAIM OF KENNETH SHAVE AGAINST SILVIO CARLOS

Plaintiff re- alleges and incorporates by reference paragraphs 1-6, and further states:

7. At that time and place, Defendant, **SILVIO CARLOS,** negligently operated and/or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle.

8. As a result, Plaintiff suffered bodily injury including permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's motor vehicle was also damaged.

## COUNT II

### CLAIM OF KENNETH SHAVE AGAINST SOUTHERN-OWNERS INSURANCE COMPANY

Plaintiff re- alleges and incorporates by reference paragraphs 1-7, and further states:

9. Prior to the time of the subject incident herein described, Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, issued and delivered to Plaintiff, **KENNETH SHAVE**, an Uninsured/ Underinsured Motorist insurance Policy, policy of insurance numbered 49-450368-01, protecting Plaintiff who was operating the motor vehicle at the time of the subject accident, against losses and damages resulting from the negligence of the uninsured/underinsured motorist

10. On or about November 14, 2021, Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, issued and delivered to Plaintiff a policy of insurance numbered 49-450368-01 which was in full force and effect on the date of the accident.

11. Under the terms of the insurance policy, Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, provided non-stacked uninsured/underinsured motorist coverage for Plaintiff in the amount of $250,000.00.

12. Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

13. At all times material to this action, Defendant, **SILVIO CARLOS** , was an underinsured/uninsured motorist in that he/she carried liability insurance coverage with limits less than Plaintiff's total damages as a result of the accident.

14. Plaintiff has furnished Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, timely notice of the automobile accident and proof of the claim for damages described above and has otherwise performed all conditions precedent to entitle recovery under the uninsured/underinsured portion of the policy but Defendant, **SOUTHERN-OWNERS INSURANCE COMPANY**, has denied that coverage exists and/or refused to pay Plaintiff for the

full value of the claim.

15.     Plaintiff is therefore also entitled to reasonable attorney's fees pursuant to Fla. Stat. §627.727 and §627.428.

**WHEREFORE**, Plaintiff, **KENNETH SHAVE**, demands judgment against Defendants, **SILVIO CARLOS** and **SOUTHERN-OWNERS INSURANCE COMPANY,** in excess of Thirty Thousand Dollars ($50,001.00).  **PLAINTIFF ALSO DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

RESPECTFULLY submitted this    4th   day of January 2023.

  /s/James Moon
James Moon, Esquire
Florida Bar #:  184713
Morgan & Morgan Fort Myers PLLC
12800 University Drive    Suite 600
Ft Myers, FL 33907
Tele:  (239) 433-6880
Fax:   (239) 433-6836
Primary email:  jmoon@forthepeople.com
Secondary email: angeliaharrison@forthepeople.com
julianarodriguez@forthepeople.com
Attorney for Plaintiff